UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 12 |
| | ) | |
| DAVID SHANKS, | ) | CASE NO. 09-71609 |
| d/b/a Shanks Family Farm, | ) | |
| | ) | |
| Debtor. | ) | |

## FINAL CASH COLLATERAL ORDER

THIS MATTER coming on to be heard on the 23rd day of October, 2009, upon the Debtor's Motion for a Final Order of Use of Cash Collateral, and the Debtor being represented by his attorney, Linda Godfrey, The Harvard State Bank, by its attorney, James E. Stevens, and the Chapter 12 Trustee, Lydia Meyer, the Court hereby finds as follows:

1.    The Debtor filed for relief under Chapter 12 of the United States Bankruptcy Code on April 22, 2009.

2.    The Harvard State Bank is a secured creditor in the total sum of approximately One Million Thirty-nine Thousand Three Hundred Ninety-five and No/100ths Dollars ($1,039,395.00) with a security interest in the Debtor's real property, income from dairy operations, equipment, machinery, inventory, crops and livestock, and pursuant to an interim Cash Collateral Order entered on June 2, 2009, the Bank also has a superior interest to all others in the Debtor's post-petition property.

3.    The Debtor is presently in possession, operating and managing his dairy operation.

4. Debtor's farming business primarily consists of a dairy operation for the production of milk. The dairy cattle are owned by the Debtor and third parties.

5. The Harvard State Bank filed a Motion for Relief from Stay on May 14, 2009, and an Order was entered on May 22, 2009, requiring adequate protection payments to The Harvard State Bank.

6. An immediate need exists for the Debtor to utilize cash collateral derived from the milk production income received in the operation of the Debtor's business.

7. The Debtor will require the use of cash collateral derived from milk production income in order to continue to operate his business which is essential to any effective reorganization under a Chapter 12 proceeding.

8. Pursuant to a Cash Collateral Order, the Debtor was required to provide proof of insurance by May 26, 2009, and pay The Harvard State Bank One Thousand Dollars ($1,000.00) on the last day of each month commencing on May 31, 2009, and Four Thousand Dollars ($4,000.00) by June 18, 2009, and the 18th day of each month thereafter.

9. The Debtor is in default on the interim Cash Collateral Order payments in excess of Ten Thousand Dollars ($10,000.00).

10. The Harvard State Bank filed an Amended Motion for Relief from Stay requesting permission to exercise its State Court remedies.

11. The Debtor has filed a Chapter 12 Plan and a Modified Plan in this case.

12. The Harvard State Bank and the Chapter 12 Trustee have both filed Motions to Dismiss the Debtor's Modified Chapter 12 Plan.

13. The parties hereto have discussed their various positions and have reached an agreement for the Debtor to use cash collateral and for the entry of a Final Cash Collateral Order; terms of the Debtor's Chapter 12 Plan and a resolution of all pending motions.

NOW, WHEREFORE, it is hereby ordered, adjudged and decreed as follows:

A. The recital paragraphs listed above hereby are included as findings in this Order.

B. The Debtor is allowed to use cash collateral pledged to The Harvard State Bank under the terms of this Order.

C. The Harvard State Bank has a continuing lien on all of the Debtor's property, both pre- and post-petition, including all personal and real property.

D. The Debtor shall pay all amounts due The Harvard State Bank under the prior interim Cash Collateral Order, if not done so already, upon entry of this Order.

E. Debtor shall file and obtain confirmation of a second Modified Chapter 12 Plan which shall provide the following with respect to The Harvard State Bank. These terms shall also be the same terms as the Final Cash Collateral Order:

1. Class 3 and Class 5 of the Debtor's Modified Plan as it relates to The Harvard State Bank, both of which are secured by real estate, shall provide for repayment of debt on a twenty (20) year amortization with a five (5) year balloon payment due on October 31, 2014. The interest rate to be charged on the outstanding indebtedness shall be seven percent (7%) per annum for the first three (3) years and a variable interest rate of bank prime rate plus three percent (3%) adjusted annually with a minimum rate of six and one-half percent (6.5%) per annum and a maximum rate of

ten percent (10%) per annum.  Payments for the amount due for these two Classes shall commence on November 1, 2009, and shall be due and payable in full on the first day of each month thereafter until maturity.  Monthly payments for the Class 3 debt shall be One Thousand Four Hundred and 92/100ths Dollars ($1,484.92), and monthly payments for the Class 5 indebtedness shall be Two Thousand Nine Hundred Three and 94/100ths Dollars ($2,903.94).

       2.    The Harvard State Bank's Class 3 and Class 5 claims are One Hundred Ninety-one Thousand Five Hundred Dollars ($191,500.00) and Three Hundred Seventy-four Thousand Five Hundred Dollars ($374,500.00), respectively.

       3.    Class 4 of the Debtor's Second Modified Plan is secured by all of the Debtor's personal property, including but not limited to cattle, livestock, machinery and equipment, now owned and hereafter acquired, and a junior lien on the Debtor's real estate.

       4.    The Class 4 claimant, The Harvard State Bank, shall provide for repayment of the debt on a fifteen (15) year amortization with a seven (7) year balloon payment on October 31, 2016, at the interest rate of seven percent (7%) per annum as of November 1, 2009, and adjusted annually on January 1 of each year.  This variable interest rate shall have a ceiling of ten percent (10%) per annum and a floor interest rate of six and one-half percent (6.5%) per annum.  This monthly payment shall commence on November 1, 2009, and be in the amount of Four Thousand Two Hundred Fifty-five and 69/100ths Dollars ($4,255.69).

       5.    The Class 4 claim of The Harvard State Bank should be equal to the sum of Four Hundred Eighty-eight Thousand Five Hundred Dollars ($488,500.00).

6. As and for additional collateral and in consideration of the Bank's agreement to the terms of the Debtor's Second Modified Plan and use of cash collateral, the Debtor and Debtor's wife shall execute and place in escrow with The Harvard State Bank a Deed in Lieu of Foreclosure and a Bill of Sale for all the Debtor's personal property and real property. These two documents shall be held in escrow by The Harvard State Bank until a default in payments, should one occur, by the Debtor.

All payments due The Harvard State Bank under Classes 3, 4 and 5 of the Debtor's Second Modified Plan shall be due and payable on the first of the month and the Debtor has a ten (10) day grace period to make said payments. If said payments are not paid in full and received by The Harvard State Bank on all three (3) accounts and/or classifications by the eleventh (11th) day of the month, the Bank may accelerate and call due one or more of the loans listed in Classes 3, 4 and 5 of the Debtor's Second Modified Plan.

In the event of a default, The Harvard State Bank shall provide Debtor a thirty (30) day written notice stating the terms of the default after the eleventh (11th) day of the default to allow the Debtor to cure. If any said default is not cured in full by the forty-second (42nd) day following the date that the payment was due, the Bank may remove the Deed in Lieu and the Bill of Sale from escrow and record the same.

7. Any default in payments after the effective date of this Order shall result in The Harvard State Bank having automatic relief from the stay and the Bank shall not be required to file any further pleadings with this Court.

8. The Harvard State Bank's Motions, the Amended Motion for Relief from Stay and Motion to Dismiss, are hereby withdrawn by the Movant.

5

Case 09-71609    Doc 44    Filed 10/14/09    Entered 10/14/09 12:02:01    Desc Main
                    Document      Page 6 of 6

9. As long as there are no defaults, The Harvard State Bank agrees not to pursue collection against the Debtor's mother, Esther Shanks, or any of her property.

10. Except as modified herein, the terms of the original loan documents shall remain in full force and effect. If an inconsistency results between this Court Order and the loan documents, the terms of this Order shall be controlling.

11. If requested by The Harvard State Bank, the Debtor agrees to execute new loan documents with the Bank consistent with the terms of this Order.

ENTERED this _____ day of _____, 2009.

_____
JUDGE MANUEL BARBOSA

Attorney James E. Stevens
BARRICK, SWITZER, LONG,
  BALSLEY & VAN EVERA
6833 Stalter Drive
Rockford, IL  61107
(815) 962-6611

F:\SMC\BANKS\HARVARD\SHANKS\ORDER.CASH COLLATERAL.DOC